IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALEXY ROSA | § | |
| v. | § | CIVIL ACTION NO. 9:06v252 |
| LLOYD MORVANT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Plaintiff Alexy Rosa filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.   This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rosa complains of an alleged use of force which took place on December 16, 2004.  The Defendants Lloyd Morvant, Matthew Phillips, and Adam Little have been ordered to answer and have done so.  On November 30, 2007, the Defendants filed motions for summary judgment, to which Rosa has filed responses.

In their motions for summary judgment, the Defendants argue that Rosa failed to exhaust his administrative remedies, and that they have immunity from claims against them in their official capacities.  In their motion, Phillips and Little also assert that they are entitled to qualified immunity based on Rosa's failure to exhaust.  Rosa responded by saying that he received a favorable response to his grievance at the Step One level and so had no reason to appeal to Step Two, that he is not seeking monetary damages from the Defendants in their official capacities, and that Phillips and

Little are not entitled to qualified immunity because the law was clearly established in December of 2004 that prison officials could not be deliberately indifferent to another officer's use of force.

On January 18, 2008, the Magistrate Judge issued a Report recommending that the motion for summary judgment be denied.  The Magistrate Judge noted that Rosa filed a Step One grievance and was notified in the response that the Office of the Inspector General had opened an investigation. This is all the relief that Rosa could have received through the grievance procedure, and so the response was favorable; thus, the Magistrate Judge concluded, there was nothing to appeal.  The Magistrate Judge noted that the Supreme Court had held that prisoners must pursue a remedy through the prison grievance process so long as some action could be ordered in response to the grievance.  Booth v. Churner, 532 U.S. 731, 736 (2001).  In addition, the Magistrate Judge stated that other circuits which have considered the question have held that prisoners do not have an exhaustion obligation once it is clear that no further relief is available.  Brown v. valoff, 422 F.3d 926, 935 (9th Cir. 2005); Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002).

The Magistrate Judge went on to state that the purpose of the exhaustion requirement is to allow prison officials time and opportunity to address complaints internally before allowing the initiation of a federal lawsuit, *citing* Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004).  In this case, the prison officials had the opportunity and did address the problem, through the investigation about which Rosa was notified in the response to his grievance.  Consequently, the Magistrate Judge concluded that Rosa had satisfied the exhaustion requirement and recommended denial of the motions for summary judgment insofar as these motions relied on failure to exhaust.  The Magistrate Judge also observed that Rosa disclaimed any intent to seek monetary damages against the Defendants in their official capacities, and said that the question of whether Rosa sought injunctive relief which could be provided by the Defendants remaining in the case was not raised in the motions and was not before the Court for purposes of the Report.

The Defendants filed objections to the Magistrate Judge's Report on January 25, 2008. These objections maintain that Rosa is required to file Step One and Step Two grievances to exhaust

administrative remedies,  regardless of the responses received, and that the results of Rosa's grievance was not "favorable" to him because although Morvant was fired, Phillips and Little were not fired as well.

These contentions are without merit.  As the Magistrate Judge stated, this Court and others have held that prisoners need not appeal a favorable resolution to his grievance to satisfy the exhaustion requirement. *See* Thornton v. Snyder, 428 F.3d 690, 696-97 (7th Cir. 2005), *cert. denied*, 126 S.Ct. 2862 (2006); Almond v. Tarver, 468 F.Supp.2d 886, 897 (E.D.Tex. 2006).  The response to Rosa's Step One grievance saying that an investigation had been undertaken was the most favorable response which Rosa could have received, and so he had no reason to appeal to Step Two; this investigation served the purpose of bringing the situation to the attention of prison authorities so that corrective action could be, and was, taken.

Phillips and Little also maintain that the Magistrate Judge erred in recommending denial of their motion for summary judgment because Rosa did not seek injunctive relief which could be granted by the Defendants.  As the Magistrate Judge stated, this contention was not raised in their motions for summary judgment, but is presented for the first time in their objections.  As such, it is not properly before the District Court.  Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992).  In addition, Rosa has disclaimed any intent to seek monetary damages against the Defendants in their official capacities, and no injunctive relief beyond the power of the Defendants to grant would be ordered by this Court in any event.  The Defendants have failed to show that the Magistrate Judge erred in this aspect of the Report and Recommendation.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's complaint and testimony, the Defendants' motions for summary judgment, the Plaintiff's responses thereto, the competent summary judgment evidence furnished by the parties, the Report of the Magistrate Judge, the Defendants' objections thereto, as well as all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the

Report of the Magistrate Judge is correct and that the objections of the Defendants are without merit. It is accordingly

ORDERED that the Defendants' objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendants' motions for summary judgment (docket no.'s 85 and 86) are hereby DENIED.

So **ORDERED** and **SIGNED** this **6**   day of **February, 2008.**

_____

Ron Clark, United States District Judge